UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:

DEVIN S. GRAY,  )
                                                 Case Number: 17-04472-TOM-7

    Debtor.  )

DEVIN S. GRAY,  )
                                      )
    Plaintiff,  )
                                      )
v.  )  AP Number:
MIAMI UNIVERSITY,  )
                                      )
    Defendants.  )

## COMPLAINT

The Debtor in this bankruptcy case and Plaintiff in this adversary proceeding, Devin S. Gray ("Gray"), makes the following allegations in her complaint against the Defendant, Miami University ("Miami").

### Parties, Jurisdiction, and Nature of Action

1. Gray is the Debtor in the above-referenced Chapter 7 bankruptcy case which was commenced on October 18, 2017. Defendant Miami is a public university created by the Ohio Legislature and organized and existing under the laws of that state.

2. Miami is listed in the schedules filed by Gray as a general unsecured creditor. Gray's debt to Miami arose from Gray's pre-petition provision of educational services to Gray.

3. Despite having both notice and actual knowledge of the commencement of the Gray's Chapter 7 case, Miami knowingly, violated the automatic stay imposed by

the filing of the Gray's bankruptcy case by failing and refusing to release to Gray a transcript of her academic work at Miami unless and until Gray paid the pre-petition claim she owed to Miami. Gray brings this action to have this court enter an order directing Miami to release Gray's Miami University transcript to Gray and to recover compensatory damages for the injuries she has sustained as a result of Miami's violation of the automatic stay.

4. This adversary proceeding arises in a case under Title 11 of the United States Code, and it is a core proceeding since it concerns the administration of the Gray's estate and affects the adjustment of the debtor-creditor relationship between Gray and Miami. Consequently, this is a core proceeding, and this court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), and (O), and 28 U.S.C. § 1334(b).

**Claim**

5. Schedule F filed by Gray upon the commencement of her bankruptcy case listed Miami as a creditor. Schedule F provides the correct mailing address of Miami which is Miami of Ohio Bursar - Campus Avenue Building, 301 S. Campus Avenue, Oxford, OH 45056.

6. After the commencement of Gray's bankruptcy case and while Miami had both notice and actual knowledge of the pendency of this case, Gray contacted Miami in an effort to get a copy of her Miami University academic transcript. The transcript in question was required for Gray to register for classes at The University of Alabama Birmingham where she is employed and tuition would be

2

free. Gray offered to pay the ordinary and necessary costs and fees required by Miami for the issuance of the transcript other than the payment of her pre-petition debt to Miami.

7. Despite having notice and actual knowledge of Gray's pending Chapter 7 case and despite Gray's offer to pay the ordinary and necessary costs and fees associated with the issuance of a transcript, Miami failed and refused to release the transcript to Gray. Through its representatives, Miami stated it would not provide the transcript to Gray unless and until she paid the pre-petition obligation due to Miami from Gray.

8. Miami's failure and refusal to release the transcript to Gray until Gray pays the pre-petition debt due Miami constitutes an act to collect, assess, and recover a claim against the debtor that arose before the commencement of this case in violation of 11 U.S.C. § 362(a)(6).

9. Because of Miami's refusal to release the transcript to Gray, Gray has been unable to register for classes at The University of Alabama Birmingham and take advantage of free tuition as an employee. This has caused Gray to sustain significant mental anguish and emotional distress for which she is entitled to compensation under 11 U.S.C. § 362(k).

10. Miami's violations of the automatic stay have required that Gray file this adversary proceeding to redress Miami's violations of the automatic stay. Gray has incurred attorney's fees and costs in connection with the initiation and prosecution of this adversary proceeding and will continue to incur attorney's fees

3

and costs until and after the entry of a judgment. These are compensatory damages Gray is entitled to recover against Miami under 11 U.S.C. § 362(k).

**WHEREFORE, PREMISES CONSIDERED**, Gray asks this court to enter an order:

11. Directing Miami to immediately provide her Miami University transcript to her the only precondition being that Gray pay the ordinary and necessary costs and fees associated with the provision of such transcripts to students generally;

12. Awarding Gray compensatory damages against Miami including damages for emotional distress and upset, and reasonable attorney's fees and costs incurred by Gray in the preparation and prosecution of this adversary proceeding; and,

13. Granting Gray any additional or different relief this court deems appropriate.

Respectfully submitted,

/s/ James V. Seal
One of the Attorneys for Plaintiff,
Devin S. Gray

OF COUNSEL:
James V. Seal
Chad A. Hanson
Seal Hanson LLC
P.O. Box 756
Birmingham, AL 35201
(205) 776-2755
james@sealhansonllc.com

4

**SERVE DEFENDANT AS FOLLOWS:**

Miami University
c/o Office of General Counsel
501 E. High Street
Oxford, OH 45056

5