# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DEVIN S. GRAY, | ) | CASE NO.: 17-04472 |
| | ) | CHAPTER 7 |
| Debtor. | ) | |
| | | |
| DEVIN S. GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ADVERSARY PROCEEDING NO. |
| | ) | 18-00006 |
| MIAMI UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MIAMI UNIVERSITY'S ANSWER TO PLAINTIFF'S COMPLAINT

As its Answer to the adversary complaint (the "Complaint") filed by Plaintiff Devin S. Gray ("Plaintiff"), Defendant Miami University ("Miami") states the following:

1. Miami admits that Plaintiff is a Chapter 7 debtor in the underlying bankruptcy case which was filed on October 18, 2017. Miami admits that it is a public university created by the Ohio Legislature and organized and existing under the laws of Ohio.

2. Miami admits that it is listed on Plaintiff's Schedule F as a general unsecured creditor as to a debt which arose from Plaintiff's pre-petition attendance at the university.

3. Miami admits that it had notice of the commencement of Plaintiff's underlying bankruptcy case. However, Miami denies that it refused postpetition to release Plaintiff's transcripts of her academic work at Miami unless Plaintiff paid the debt owed to Miami. Miami has no records of any such refusal, and demands strict proof thereof. Plaintiff's request for this Court to enter an order directing Miami to release Plaintiff's transcripts is moot as Miami mailed

1

the transcripts to Plaintiff's counsel on January 26, 2018, shortly after the filing of this lawsuit. Plaintiff's counsel acknowledged receipt via email of the transcripts on January 29, 2018. Miami denies that Plaintiff suffered any compensable injuries which are attributable to conduct of Miami.

4. Miami admits that this Court has jurisdiction to hear and finally decide this matter.

5. Miami admits that it appears on Schedule F on Plaintiff's petition, and that it received notice of Plaintiff's bankruptcy case.

6. Miami admits that it received notice of the pendency of the underlying bankruptcy case. Plaintiff contacted Miami only one time post-petition, via telephone, regarding her transcript. Miami has no records which indicate that anyone refused to provide the transcript on that call. Miami denies that Plaintiff could timely register for the upcoming semester at the University of Alabama Birmingham ("UAB") at the time she contacted Miami as to her transcript. In addition, absent some waiver or alteration of normal procedures, Miami does not believe that Plaintiff would have qualified for free tuition because, upon information and belief, she was not employed by UAB for six (6) months or longer at the time she attempted to register for classes.

7. Miami admits that it received notice of Plaintiff's bankruptcy case. Otherwise, this averment is denied. Miami produced the transcripts to Plaintiff's counsel on January 26, 2018.

8. Denied. The referenced statute speaks for itself.

9. Denied.

10. The averments of this paragraph are denied. Neither Plaintiff nor her attorney made any attempt to avoid this litigation prior to the filing of the Complaint. Miami believes that it is unlikely that Plaintiff will be required to pay any attorneys' fees or costs related to this adversary proceeding unless she recovers from Miami in this case. Section 362(k) speaks for itself.

11. Miami denies this averment as moot. Miami produced the transcript to Plaintiff's counsel on January 26, 2018. Plaintiff's counsel acknowledged receipt of the transcript on January 29, 2018.

12. Denied. Miami immediately produced Plaintiff's transcripts upon the filing of this Adversary Proceeding and attempted to resolve this case to no avail. Plaintiff has suffered no damages attributable to Miami, and cannot satisfy the standards required to recover emotional distress damages. Plaintiff failed to mitigate any alleged damages prior to filing this case and an award of attorneys' fees and costs should be precluded.

13. Miami denies that Plaintiff is entitled to the relief sought.

## ADDITIONAL DEFENSES

1. Plaintiff's Complaint should be dismissed because Miami is a governmental entity of the State of Ohio and is, thus, protected by the sovereign immunity guaranteed by the Eleventh Amendment to the United States Constitution.

2. Section 106(a) of the Bankruptcy Code is unconstitutional because Congress did not have the authority to abrogate sovereign immunity via the Bankruptcy Code.

3. If Section 106(a) of the Bankruptcy Code is constitutional, and applies in this case and judicial circuit, then pursuant to 11 U.S.C. § 106(a)(3), an award of punitive damages may not be assessed against Miami, and, any order or judgment for costs or fees must "be consistent with the provisions and limitations of section 2412(d)(2)(A) of title 28."

4. Plaintiff has suffered no damages attributable to Miami.

5. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

6. No action or omission of Miami violated the automatic stay.

3

7. Miami pleads the affirmative defenses of laches, statute of frauds, statute of limitations, estoppel, respose, res judicata, consent, release, waiver, illegality, accord and satisfaction, parol evidence, payment, and collateral estoppel.

8. Plaintiff's relief sought is moot.

9. Plaintiff lacks constitutional standing to bring this suit because she has suffered no damages.

10. To the extent Plaintiff suffered any damages, such damages were caused by, and are the responsibility of persons, parties, and/or entities other than Miami.

11. Plaintiff has not mitigated her alleged damages.

12. Plaintiff has made no attempt to mitigate her alleged damages.

13. Plaintiff cannot meet the standards required to recover mental anguish or emotional distress damages.

14. Miami's acts and/or omissions were in accordance with the procedures governing its relationship with Plaintiff.

15. Miami denies that it is guilty of any conduct which entitles Plaintiff to recover punitive damages.

16. The appropriate circumstances necessary for an award of punitive damages pursuant to 11 U.S.C. §362(k) are not present in this case.

17. Miami pleads the statutory cap on punitive damages in Alabama and any and all applicable federal punitive caps.

18. An award of punitive damages in this case would violate Miami's due process rights under the United States Constitution.

19. Miami expressly reserves the right to amend this Answer and/or to assert additional defenses if facts come to light in this matter, so as to warrant the assertion of additional defenses.

/s/ Thomas B. Humphries
Stephen B. Porterfield
Thomas B. Humphries
Meghan A. Salvati
**Counsel for Miami University**

**OF COUNSEL:**
**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
P.O. Box 55727
Birmingham, Alabama 35255-55727
Tel.:  (205) 930-5100
Fax:  (205) 930-5101
sporterfield@sirote.com
thumphries@sirote.com
msalvati@sirote.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th of February, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to the following:

James V. Seal
Chad A. Hanson
Seal Hanson, LLC
P.O. Box 756
Birmingham, Alabama
Tel.:  (205) 776-2755
james@sealhansonllc.com

/s/ Thomas B. Humphries
OF COUNSEL